## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERANO DEVELOPMENT, INC.,     : | |
|     : | Case No. |
| Plaintiff,     : | |
|     : | |
| v.     : | **COMPLAINT** |
|     : | |
| BOLIVARIAN REPUBLIC OF     : | |
| VENEZUELA,     : | |
|     : | |
| Defendant.     : | |
|     : | |

Plaintiff, Verano Development, Inc. ("Verano"), through its undersigned counsel, Orloff, Lowenbach, Stifelman & Siegel, P.A., as and for its Complaint against Defendant Bolivarian Republic of Venezuela ("Venezuela"), alleges as follows:

### NATURE OF THE ACTION

1.  Verano is the beneficial owner of interests in two dollar-denominated debt securities issued by Venezuela (each a "Debt Security," collectively the "Debt Securities").

2.  The first Debt Security, 6% global bonds due 2005, ISIN No. USP97475AG56, CUSIP No. P9395PAA9 (the "Global Bonds"), was issued in 1998, with a follow-on offering in 2004, pursuant to a Fiscal Agency Agreement dated as of August 6, 1998 (the "1998 FAA") among Venezuela, Banco Central de Venezuela and The Chase Manhattan Bank.

3.   The second Debt Security, a 13.625% global note due 2018, ISIN No. USP922646AT10, CUSIP No. P9395PAA9 (the "Global Note"), was issued in 2002 pursuant to a Fiscal Agency Agreement dated as of July 25, 2001 (the "2001 FAA") among Venezuela, Banco Central de Venezuela, Deutsche Bank AG and Bankers Trust Company.

4.   Both Debt Securities obligated Venezuela to repay principal and any unpaid interest in full on the maturity date, an amount, in the aggregate, totaling approximately a billion dollars.

5.   Moreover, until full repayment of the principal, whether on the maturity date, as required under the terms of the Debt Securities or later, the Debt Securities obligated Venezuela to pay interest on principal semi-annually in arrears, on February 15 and August 15 of each year, at a rates noted above per annum.

6.   Beginning with the interest payments due on February 15, 2018, however, Venezuela has failed to make any of the required interest and principal payments on the Debt Securities, and thus became in breach of its obligations under both Debt Securities.

7.   In this action, Verano seeks to recover from Venezuela its damages, as a beneficial owner of interests in the two Debt Securities, resulting from Venezuela's breaches.

## THE PARTIES

8.  Verano is a company organized and existing under the laws of the State of Florida, with its principal place of business at 53rd E. Street, Marbella, MMG Tower, 16th Floor, Panama City, Panama.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1330 because Venezuela is a foreign state that, in both the 1998 FAA and the 2001 FAA, among other places, explicitly and unconditionally waived sovereign immunity with respect to actions such as the instant action (referred to in each FAA as a "Related Proceeding") arising out of the respective FAAs and any debt securities or interest payments appertaining thereto, and is, therefore, not entitled to immunity under 28 U.S.C. §§1605-07 or under any applicable international agreement.

10.  In addition, Venezuela consented in the 1998 FAA and the 2001 FAA, among other places, to submit to the jurisdiction of this Court in any Related Proceeding.

11.  Pursuant to the 1998 FAA and 2001 FAA, Venezuela appointed the Consul General of Venezuela, or, in the Consul's absence or incapacity, any official of the Consulate of Venezuela, which currently maintains offices at 7 East 51st Street, New York, New York 10022, as its authorized agent for service of process.

12.  By their terms, both the 1998 FAA and 2001 FAA are to be governed by, and interpreted in accordance with, the laws of the State of New York without regard to principles of conflicts of law.

13.  Venue is proper in this district by agreement of the parties.

## FACTUAL ALLEGATIONS

### Verano's Beneficial Interests in The Debt Securities

14.  The Debt Securities are "book-entry securities" registered in the name of Cede & Co. ("Cede"), as the nominee of the Depository Trust Company (the "DTC").

15.  Financial institutions, called "participants," maintain accounts with the DTC through which they hold interests in such book-entry securities.

16.  Investors, such as Verano, in turn own beneficial interests in such book-entry securities through the participant financial institutions.

17.  Through that ownership structure, Verano owns a beneficial interest in the Global Bonds in the principal amount of $500,000, and a beneficial interest in the Global Note in the principal amount of $1,000,000.

18.  Those beneficial interests entitle Verano to its proportionate share of each semi-annual interest payment Venezuela is required to make on the Global Bonds and the Global Notes.

19.  Although Verano, just like every other investor in the Debt Securities, is not a direct holder of the Debt Securities, the relevant FAAs contemplate that beneficial owners such as Verano will, upon Cede's authorization, be entitled to take any action that Cede would be entitled to bring suit as holder of the relevant Debt Security, including, as here, suits for non-payment of money owed.

20.  Verano has received the appropriate authorizations.

## Venezuela's Defaults on The Global Bonds

21. The applicable terms and conditions of the Global Bonds required Venezuela to pay interest on principal, semi-annually, on February 15 and August 15 of each year, at a rate of 6% per annum.

22. One such semi-annual interest payment was due on February 15, 2018.

23. Venezuela failed to make that interest payment, both on its due date and at any time thereafter.

24. Venezuela was required to make another semi-annual interest payment on the Global Bonds on August 15, 2018.

25. Venezuela failed to make that interest payment as well, both on its due date and thereafter.

26. Further, the applicable terms and conditions of the Global Bonds required Venezuela to repay all outstanding principal on the Global Bonds on the Maturity Date (August 15, 2018).

27. Venezuela failed to make any repayment of principal, both on the Maturity Date and at any time thereafter.

28. Verano, as the beneficial owner of an interest in the principal of the Global Bonds such that it has a claim for damages of at least $500,000.00 as a result of Venezuela's failure to make these required interest and principal payments, representing its proportionate share of the interest and principal Venezuela, in breach of its obligations, has failed to pay on the Global Bonds.

29.  In addition, more than 30 days having elapsed since the above-detailed payment failures, each has ripened into an "Event of Default" under the applicable terms and conditions governing the Global Bonds.

30.  As such, the applicable terms and conditions governing the Global Bonds require Venezuela to pay all of Verano's reasonable and documented out-of-pocket expenses, including reasonable counsel fees and court costs, incurred in connection with any "reasonable investigation of any such Event of Default or the enforcement of the Securities."

31.  Accordingly, in addition to the damages alleged above, Venezuela is liable to Verano for its costs and attorneys' fees for preparing and bringing this action.

## Venezuela's Defaults on The Global Note

32.  The terms and conditions of the Global Notes required Venezuela to pay interest, semiannually, on February 15 and August 15 of each year, at a rate equal to 13.625% per annum.

33.  One such interest payment was due on February 15, 2018.

34.  Venezuela failed to make that interest payment, both on its due date and at any time thereafter.

35.  Venezuela was required to make another interest payment on the Global Note on August 15, 2018.

36.  Venezuela failed to make that interest payment as well, both on its due date and at any time thereafter.

37.  Further, the terms and conditions of the Global Notes required Venezuela to repay all outstanding principal on the Global Notes on the Maturity Date (August 15, 2018).

38.  Venezuela failed to make any repayment of principal, both on the Maturity Date and at any time thereafter.

39.  Verano, as the beneficial owner of an interest in the principal of the Global Notes, has a claim for damages of at least $1,000,000.00 as a result of Venezuela's failure to make these required interest and principal payments, representing its proportionate share of the interest and principal Venezuela, in breach of its obligations, has failed to pay on the Global Note.

40.  In addition, more than 30 days having elapsed since the above-detailed payment failures, each has ripened into an "Event of Default" under the applicable terms and conditions governing Global Note.

41.  As such, the applicable terms and conditions governing the Global Note require Venezuela to pay all of Verano's reasonable and documented out-of-pocket expenses, including reasonable counsel fees and court costs, incurred in connection with any "reasonable investigation of any such Event of Default or the enforcement of the Securities."

42.  Accordingly, in addition to the damages alleged above, Venezuela owes Verano the final amount of the costs and attorneys' fees for preparing and bringing this action.

**Interest at 13.525% Per Annum Continues to Accrue on The Global Notes**

43.   The applicable terms and conditions of the Debt Securities provide, in sum and substance, that interest on principal will continue to accrue at 13.625% per *annum* until the principal is repaid in full, whether on the Maturity Date or thereafter.

44.   For the Global Bonds, that obligation is set forth in the form registered security attached as an exhibit to the 1998 FAA, which form governs, under Section 1(c) of the 1998 FAA, unless otherwise provided in an "Authorization" delivered by the Minister of Finance of Venezuela.

45.   Upon information and belief, the Minister of Finance of Venezuela has not delivered an "Authorization" with respect to the Global Bonds that alters the relevant language of the form registered security.

46.   In the Global Notes, provision for the continuing accrual of interest after the Maturity Date until full repayment of principal is set forth in the applicable terms and conditions of the Global Notes, which provide in pertinent part that Venezuela will redeem the Global Note at par on August 15, 2018, and that if, "upon due presentation," "the Issuer shall fail to redeem the [Global Note] when due, interest shall continue beyond the due date until actual redemption of the [Global Note]..."

47.   Upon information and belief, "due presentation" of the Global Note for redemption has been made and refused.

48.   Alternatively, if "due presentation" has not been made, it is excused on the ground of futility.

49.   By virtue of these provisions of the Debt Securities, Verano is entitled to recover damages through date hereof of in the amount of at least $1,000,000.00, representing accrued interest at 6% per annum on the unpaid principal and interest of the Global Bonds beneficially owned by Verano.

## FIRST CLAIM FOR RELIEF

### (For Breach of Contract on the Global Bonds)

50.   Verano repeats and re-alleges the allegations set forth in paragraphs 1 through 50 above as though set forth at length herein.

51.   The Global Bonds matured on August 15, 2018, at which time the entire principal and any unpaid interest in the amount of the Global Bonds became due and payable.

52.   Upon maturity, Venezuela failed to pay the principal amount of the Global Bonds.

53.   Further, as detailed above, Venezuela also has failed to pay interest due on the Global Bonds.

54.   By reason of the foregoing Venezuela has breached its contractual obligations under the Global Bonds and is liable to Verano, as the owner of a beneficial interest in the Global Bonds in the principal amount of $1,000,000.00, for damages in an amount to be determined at trial, but not less than $1,000,000.00, representing Verano's proportionate share of unpaid principal and interest on the Global Bonds through the date of this pleading, together with pre-judgment interest, and Verano's costs and attorneys' fees incurred in this action.

## SECOND CLAIM FOR RELIEF

## (For Breach of Contract on the Global Notes)

55.  Verano repeats and re-alleges the allegations set forth in paragraphs 1 through 55 above.

56.  The Global Note matured on August 15, 2018, at which time Venezuela was required to redeem the Global Note at par.

57.  Upon maturity, however, Venezuela failed to redeem the Global Note at par.

58.  Further, as detailed above, Venezuela also has failed to pay interest due on the Global Note.

59.  By reason of the foregoing Venezuela has breached its contractual obligations under the Global Note and is liable to Verano, as the owner of a beneficial interest in the Global Note in the principal amount of $500,000.00, for damages in an amount to be determined at trial, but not less than $500,000.00, representing Verano's proportionate share of unpaid principal and interest on the Global Note through the date of this pleading, together with pre-judgment interest, and Verano's costs and attorneys' fees incurred in this action.

WHEREFORE, Verano demands judgment against Venezuela as follows:

(a)  On the First Claim for Relief, awarding Verano a money judgment in an amount to be determined at trial, but not less than $1,000,000.00, together with pre-judgment interest, and Verano's costs and attorneys' fees incurred in this action;

(b)  On the Second Claim for Relief, awarding Verano a money judgment in an amount to be determined at trial, but not less than $500,000.00, together with pre-judgment interest, and Verano's costs and attorneys' fees incurred in this action; and

(c)  Such other and further relief as the Court shall deem just and proper.

Dated: April 23, 2020                           ORLOFF, LOWENBACH, STIFELMAN
       Morristown, New Jersey                    & SIEGEL, P.A.

                                               */s/ Samuel Feldman*
                                               SAMUEL FELDMAN
                                               44 Whippany Road - Suite 100
                                             Morristown, New Jersey  07960
                                             Telephone:  (973) 622-6200
                                             Fax:  (973) 622-3073
                                             E-mail:  sf@olss.com
                                             *Attorneys for Plaintiff Verano Development, Inc.*