## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VERANO DEVELOPMENT, INC., | : | |
| | : | Case No.  20-cv-03266-NRB |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BOLIVARIAN REPUBLIC OF | : | |
| VENEZUELA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MOTION TO WITHDRAW AS COUNSEL AND TO FILE
## SUPPORTING DECLARATION UNDER SEAL

Pursuant to Local Civil Rule 1.4, Orloff, Lowenbach, Stifelman & Siegel, P.A.  ("OLS&S") shall move this Court on a date and time to be set by the Court for an order granting permission for OLS&S to withdraw as counsel to plaintiff Verano Development, Inc. ("Plaintiff").  The reason for this request relates to financial disputes between plaintiff and its counsel.  The details of the legal fee matter are set forth in a proposed Declaration of Samuel Feldman, Esq., in Support of Motion to Withdraw as Counsel to Plaintiff (the "Declaration") and are further supported in the accompany Legal Memorandum that accompanies this Motion.  OLS&S requests that it be permitted to file the proposed Declaration under seal, allowing for the Court's *in camera* review and review by Plaintiff personnel, but denying review of the contents by Defendant should it appear.

34B3280

## I.  ARGUMENT

### A.    Withdrawal is Proper in this Case Due to Plaintiff's Failure to Pay the Legal Fes Incurred by it to OLS&S

Local Civil Rule 1.4, "Withdrawal or Displacement of Attorney of Record," provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of court granted by order.  Such an order may be granted only upon a showing by Declaration or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

It is well settled under Local Civil Rule 1.4 that a client's failures to pay legal fees constitute "satisfactory reasons" for withdrawal as counsel.  *Team Obsolete, Ltd. v. A.H.R.M.A., Ltd.*, 464 F. Supp. 164, 165-66 (E.D.N.Y. 2006) and cases cited therein.  The proposed Declaration sets forth in detail Plaintiff's failure to pay legal fees incurred by it to OLS&S and OLS&S's efforts to address the legal fee matter to avoid the need to file this Motion.  In order not to potentially prejudice Plaintiff, OLS&S refrains in the instant filing from setting forth those details and relies on the Court to order that the proposed Declaration be filed under seal, with a copy to be served on Plaintiff and provided to the Court for *in camera* so that the Court can satisfy itself that such failures constitute "satisfactory reasons" in the instant context and that there is no reason or basis to provide a copy of the proposed Declaration to defendant's counsel should one appear.

It is not necessary for Defendant's counsel to see the proposed Declaration because its contents have nothing to do with the merits.

Local Civil Rule 1.4 also directs the Court to consider "the posture of the case, including the position, if any, on the calendar." At the present time, OLS&S is not aware of any schedule of calendered future events in this case because although the complaint was filed it has not been served on defendant because the defendant's office (the consulate) is closed due to the Covid-19 pandemic.  Accordingly, Plaintiff would not be unduly prejudiced by retaining new counsel to complete the next phase of the subject litigation.

If OLS&S is permitted to withdraw, OLS&S respectfully requests that the Court allow Plaintiff 30 days to enter the appearance of successor counsel.  *See HCC, Inc. v. R H & M Machine Co.*, 1998 U.S. Dist. LEXIS 10977 (S.D.N.Y. 1998) (withdrawal granted and plaintiff was granted 30 days to select successor counsel).  Once Plaintiff has selected such counsel, OLS&S will work with successor counsel, to transfer all files to successor counsel and to assist successor counsel to become knowledgeable about the case.  Given that the action has been dormant because of service of process difficulties OLS&S respectfully submits that it should not be difficult for successor counsel to become ready for a trial in this matter.

**B.  The Supporting Declaration Should be Filed Under Seal**

Because the proposed Declaration pertains exclusively to the legal fee matter, case law supports it being filed under seal and not being provided to Defendant in order to avoid potential prejudice to Plaintiff.  *E.g., Team Obsolete Ltd., supra*, 464 F. Supp. at 164-65.  The *Team Obsolete* court stated that "a review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely

-3-

filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts." *Id.* (citing *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97-cv-9262, 1998 U.S. Dist. LEXIS 19859) (S.D.N.Y. 1998)).

When the Court reviews the proposed Declaration *in camera*, it will see that the Declaration contains only confidential information about the fee matter and thus "does not implicate the [Defendant's] interests in this litigation. *Team Obsolete, supra*, 464 F. Supp. at 164; *see also Harrison Conference Services, Inc. v. Dolce Conference Services, Inc.*, 806 F. Supp. 23, 25-26 (E.D.N.Y. 1992) (fee dispute documents were properly submitted in camera and Defendant has no interest in the outcome of the dispute and thus were "not entitled to a more complete description of this dispute, or a briefing schedule which will permit them to respond further."). Thus, the Court should allow the filing of the proposed Declaration under seal, with a copy to be served on Plaintiff simultaneously with the filing under seal.

For all the foregoing reasons, including the matters set forth in the proposed Declaration, OLS&S respectfully urges that it be permitted to file the proposed

Declaration under seal and that upon review of the Declaration, the Court grant the

Motion of OLS&S to withdraw as counsel for the Plaintiff in this matter.

Dated: November 3, 2020                    ORLOFF, LOWENBACH, STIFELMAN
       Morristown, New Jersey             & SIEGEL, P.A.

                                                 */s/ Samuel Feldman*
                                                 SAMUEL FELDMAN
                                                 44 Whippany Road - Suite 100
                                                 Morristown, New Jersey  07960
                                                 Telephone:  (973) 622-6200
                                                 Fax:  (973) 622-3073
                                                 E-mail:  sf@olss.com
                                                 *Attorneys for Plaintiff Verano Development, Inc.*

TO:    Verano Development, Inc.
         c/o Mr. Alexander Neuhauser
         Belgielei 142
         2018 Antwerpen
         Belgium
         Email:  senderpearl@yahoo.com

## <u>DECLARATION OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **MOTION OF ORLOFF, LOWENBACH, STIFELMAN & SIEGEL TO WITHDRAW AS COUNSEL AND TO FILE SUPPORTING DECLARATION UNDER SEAL** has been filed via the electronic case filing system of the United States District Court for the Southern District of New York.

The undersigned hereby declares that pursuant to 18 U.S.C. 1746 that the following statement is true under penalty of perjury:  the undersign declares that he has sent a copy of these papers via electronic mail to:

senderpearl@yahoo.com

The foregoing is the address to which we have been instructed to communicate with our client about this matter.

Dated:  November 3, 2020                    */s/Samuel Feldman*
                                         SAMUEL FELDMAN